UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARY F. CUNNINGHAM,

                Plaintiff,

    -vs-                                                  07-CV-823-JTC

ST. BONAVENTURE UNIVERSITY
and its Franciscan Institute,

                Defendants.

---

In this action, plaintiff (proceeding *pro se*) seeks unspecified injunctive relief and damages against defendant St. Bonaventure University for employment discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Defendant has moved pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to prosecute (Item 60). For the reasons that follow, defendant's motion is denied.

## **BACKGROUND**

Plaintiff's current place of residence, as listed on the court's docket, is Rockford, Illinois. She commenced this action *pro se* on or about March 26, 2007, in the United States District Court, Northern District of Illinois, by filing a form complaint containing bare bones allegations of discrimination in violation of the ADEA and ADA (Item 6). Attached to the complaint is a copy of the administrative charge plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") on October 25, 2006, in which she alleged that she was over the age of 50 when she was hired by defendant in September 2005 for

the job of Director of Institutional Grants, that she disclosed information about her disability to her supervisor in November 2005 after being warned about her job performance, and that her employment was terminated in December 2005 because of her age and disability (*id.*). Also attached is the EEOC's "Dismissal and Notice of Rights" letter dated December 26, 2006, notifying plaintiff that her administrative charge had been investigated and dismissed (*id.*).

On May 8, 2007, defendant filed a motion in the Northern District of Illinois to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted based on untimely filing of both her administrative charge and her federal court complaint (*see* Item 16). In a text order dated October 22, 2007 (Item 30), United States District Judge Frederick J. Kapala found that the district court in the Northern District of Illinois lacked personal jurisdiction over defendant to adjudicate claims based on employment discrimination occurring at St. Bonaventure University in western New York State, and transferred the case to this court. Judge Kapala declined to rule on any of the other grounds for dismissal raised by defendant's motion (*see id.*).

Following transfer, defendant filed its answer containing twenty-nine affirmative defenses (Item 36), and the court set up a preliminary pretrial telephone conference to discuss a schedule for conducting discovery. The conference was subsequently adjourned pending briefing and consideration of plaintiff's motion for appointment of counsel (*see* Items 40, 42), which defendant opposed (Item 41). In an order entered June 5, 2008, the court found appointment of counsel unwarranted under the circumstances, and denied the motion without prejudice to renew upon detailing further efforts to obtain counsel (Item 45).

Plaintiff participated in the scheduling conference, which took place by telephone on July 2, 2008. Shortly thereafter defendant served interrogatories, document requests, and a notice of deposition upon plaintiff. In a cover letter dated July 14, 2008, defense counsel advised plaintiff that she was required to mail her responses by August 18, 2008, and that her deposition was scheduled to take place on October 7, 2008, at defense counsel's office in Buffalo (*see* Item 60-3, Ex. B). On August 13, 2008, plaintiff sent a letter to the court advising of her continuing efforts to retain counsel, and requesting a 30-day extension of time to respond to defendant's discovery demands (Item 48). She also requested that the court consider allowing her deposition to be taken over the telephone because she could not afford transportation to Buffalo (*id*).

Following a status telephone conference held with plaintiff and defense counsel on September 8, 2008, the court issued an order granting plaintiff's request for an extension of time within which to respond to defendant's written discovery requests, and directing plaintiff to send the court a letter confirming that she had so responded (*see* Item 50). The court also noted that defense counsel did not object to an adjournment of plaintiff's deposition, but did object to a conducting the deposition by telephone. Accordingly, the court deferred ruling on plaintiff's request for a telephone deposition issue pending receipt of the letter confirming "that plaintiff has responded to the pending written discovery requests in a manner sufficient to allow her deposition to go forward." *Id.*

On November 5, 2008, the extended deadline for responses to defendant's written discovery requests (and the confirming letter) having long since passed, defendant filed a motion to compel pursuant to Fed. R. Civ. P. 37 (Item 51). On December 3, 2008, in accordance with the court's directive, plaintiff filed a written response to the motion, in

-3-

which she advised by narrative that she had recently been a victim of robbery, assault, burglary, and identity theft, and that she was engaged in further efforts to become familiar with the procedural rules and case law necessary to prosecute her action *pro se* (*see* Item 53). Following a telephone conference held on December 11, 2008, the court issued an order directing plaintiff to respond to defendant's written discovery requests by February 2, 2009, and advising plaintiff that "failure to comply with the directives of this order, or with any other orders or directives of the court, shall be considered as grounds for sanctions . . . and/or dismissal of the case for failure to prosecute." Item 56.

On February 3, 2009, plaintiff filed with the court a 342-page document constituting her responses to defendant's interrogatories and document requests (*see* Item 57). In a letter dated March 4, 2009, defense counsel advised plaintiff that he did not consider the responses to be sufficient, and specified in detail what additional information was required (*see* Item 60-3, Ex. M). Subsequently, on March 19, 2009, plaintiff filed a 328-page document as a supplemental response to the interrogatories and document requests (*see* Item 58).[1]

No further activity is reflected on the court's docket until January 11, 2010, when the court issued a notice scheduling another telephone conference to discuss the status of proceedings in the case. The conference was held on February 3, 2010, at which "the parties were directed to proceed forward with this action within 30 days" (Item 59).

---

[1]The court's review of this filing indicates that most (if not all) of the 328 pages submitted consists of documents copied from St. Bonaventure University brochures, handbooks, policy manuals, and other in-house materials readily available to defendant. This material is not responsive to the detailed request for supplementation in defendant's March 4, 2009 letter, and is not likely to provide relevant information regarding plaintiff's specific claims of discrimination on the basis of disability or age.

On March 5, 2010, defendant filed the present motion seeking dismissal of the case for failure to prosecute (Item 60). Plaintiff has responded to the motion (Item 63). For the reasons that follow, the motion is denied without prejudice.

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (circuit court will give due deference to district court's Rule 41(b) dismissal of *pro se* litigant's complaint "only when the circumstances are sufficiently extreme.").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to "diligently" prosecute the action. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

> Failure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers. Such conduct may warrant dismissal after merely a matter of months, or may stretch out over a period of years . . . .
>
> . . . .
>
> The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently. Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.

*Id.* at 42-43 (citations omitted).

The Second Circuit requires that, in determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Scott v. County of Erie*, 2007 WL 3353290, at *2 (W.D.N.Y. November 11, 2007).

The first factor, duration, is concerned with (1) whether the failure to prosecute is attributable to the plaintiff, and (2) whether the failure is of significant duration. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). In this case, the record reflects that the failure to prosecute can be attributed in large part to plaintiff's delay in responding to defendant's written discovery requests. Measured from September 18, 2008 (the

extended due date for plaintiff's response) to February 3, 2009 (the date the responses were filed under the court's order granting defendant's motion to compel), this results in a delay of four-and-a-half months fully attributable to plaintiff. While successful motions for failure to prosecute usually involve longer delays, *see, e.g., Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir.1980) (six months); *Peters-Turnbull v. Board of Educ. of the City of New York*, 1999 WL 959375, at *2- *3 (S.D.N.Y. Oct. 20, 1999) (between five and ten months), there is no "magic number," and several courts have found delays of similar duration to be significant, and to weigh in favor of dismissal, even where the plaintiff was proceeding *pro se. See, e.g., Jiminez v. Astrue*, 2010 WL 419982, at *2-3 (W.D.N.Y. Jan. 29, 2010) (dismissing case for failure to prosecute four months after initial due date for response to motion) (citing cases).

However, much of the delay in prosecution of this case is the result of defendant's inability to take plaintiff's deposition. Whether this delay can fairly be attributed to plaintiff's inability to travel due to financial hardship and other personal problems, or to defendant's insistence that the deposition be conducted in Buffalo and in person (*i.e.*, not by telephone), it has had the effect of bringing the litigation to a virtual standstill.

The court notes the express recognition in the Federal Rules governing the procedures for taking depositions that "[t]he parties may stipulate–or the court may on motion order–that a deposition be taken by telephone or other remote means," Fed. R. Civ. P. 30(b)(4), as well as the "steadily developing body of caselaw recogniz[ing] that telephone depositions are a presumptively valid means of discovery." *Normande v. Grippo*, 2002 WL 59427, at *2 (S.D.N.Y. Jan. 16, 2002) (citing cases). Defense counsel has

voiced legitimate concerns about the procedural difficulties involved in taking a deposition by telephone–for example, Fed. R. Civ. P. 28(a)'s requirement that depositions be taken before an officer authorized to administer oaths, the inability to observe the deponent's demeanor, difficulties with testimony regarding pertinent documents, and other potential problems. However, a cursory review of cases dealing with this issue reveals that the courts and parties have come up with a number of creative ways to address these concerns. *See, e.g., Robert Smalls Inc. v. Hamilton*, 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010) (outlining instructions for telephone depositions of *pro se* defendants living outside of forum; directing defendants to travel to forum for follow-up depositions if plaintiff shows inability to conduct "a meaningful telephone deposition"); *Normande*, 2002 WL 59427, at *2 (granting application of *pro se* plaintiff residing in Brazil for telephone deposition; requiring plaintiff "to bear the expense of the telephone deposition and [to] also make arrangements to be sworn by an individual who is authorized to administer oaths in Brazil"); *Jahr v. IU Intern. Corp.*, 109 F.R.D. 429, 433 (M.D.N.C. 1986) (setting forth parties' stipulation of specific procedures for telephone deposition of non-party witness with knowledge of relevant facts).

Considering the circumstances regarding plaintiff's personal and financial situation as outlined in her narrative response to defendant's motion to compel, and in the absence of any showing as to the likelihood of procedural or mechanical difficulties beyond the ordinary problems associated with telephone depositions, *see Robert Smalls, Inc*, 2010 WL 2541177, at *4, the court finds that the duration of the failure to prosecute this case caused by plaintiff's inability to attend a deposition in Buffalo is attributable at least in some

measure to both parties. Accordingly, this factor does not weigh significantly in favor of dismissing the case at this stage, prior to a demonstrated good-faith attempt to accomplish plaintiff's deposition by telephone.

With regard to the "notice" factor, the court specifically advised plaintiff by way of its December 18, 2008 order that she was required to respond to the written discovery demands, and that if she failed to follow this or any other court directive, her case might be dismissed for failure to prosecute. She filed her responses on February 3, 2009, one day late. Notwithstanding the validity of defendant's objections to the sufficiency or timeliness of these responses, in the court's view this demonstrates that plaintiff at least made an effort to comply with the court's directives subsequent to her receipt of notice of the consequences of further delay, and the court does not find this conduct to weigh significantly in favor of dismissal.

By the same token, there can be no question that defendant is likely to be prejudiced by plaintiff's continued failure, or inability, to proceed with her prosecution of this action. *See Martens*, 273 F.3d at 180. Indeed, "[p]rejudice to defendants resulting from unreasonable delay may be presumed . . . ." *Lyell Theatre*, 682 F.2d at 43. "This is because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. General Elec. Co.* 186 F.3d 186, 195 (2d Cir. 1999). Moreover, the court's review of the facts and circumstances set forth in the parties' pleadings and submissions in this case, when viewed in light of the pertinent statutory and case law standards for evaluating claims of age and disability discrimination in employment, suggests that

requiring defendant to bear the expense of continued discovery and litigation could carry a substantial likelihood of additional prejudice.

However, by virtue of this order, plaintiff is once again placed on notice that any further unreasonable delay in the proceedings occasioned by her conduct will result in dismissal of her case on the merits. In addition, the likelihood of prejudice from further delay can be adequately addressed at this juncture by expeditious completion of plaintiff's telephone deposition as a reasonable compromise toward completing discovery and moving the case forward to the dispositive motion stage. Accordingly, the court finds that the likelihood of prejudice to defendant, while substantial, does not weigh conclusively in favor of dismissal.

The next factor to consider is the balance between calendar congestion and plaintiff's right to present her case. *See Drake*, 375 F.3d at 257. In this regard, there has been no showing that plaintiff's failure to comply with defendant's discovery requests in a timely manner has significantly compromised the court's interest in efficient administration of other cases on its docket.

Finally, the court must consider whether any available sanctions short of dismissal would sufficiently remedy the likelihood of substantial prejudice to defendant identified above. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 257 (2d Cir. 2004). The court notes that plaintiff has not demonstrated the level of non-compliance with court orders usually encountered in cases ordering dismissal as a sanction. *See, e.g., Smith v. Human Res. Admin. of New York City*, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate plaintiff to move case forward); *Alevizopoulos & Assoc. v. Comcast International Holdings,*

*Inc.*, 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (finding lesser sanctions inappropriate based on plaintiff's repeated failures to abide by court's orders). The court also remains mindful that the remedy of dismissal for failure to prosecute "is pungent, rarely used, and conclusive" and should be employed "only when [the judge] is sure of the impotence of lesser sanctions." *Chira*, 634 F.2d at 665.

Under the circumstances outlined above, the court finds that plaintiff should be afforded the opportunity to have her deposition taken by telephone before the harsh sanction of dismissal for failure to prosecute is imposed. However, the difficulties encountered by defendant and the court thus far in attempting to move this case to the next phase of litigation cannot be allowed to continue.

Accordingly, upon consideration of all of the pertinent factors, the court directs plaintiff to respond in full to the detailed request for supplementation of written discovery set forth in defendant's March 4, 2009 letter (Item 60-3, Ex. M). This supplemental response shall be filed with the court by December 10, 2010. Failure to do so will be duly noted by the court in any subsequent consideration of sanctions for unreasonable delay.

Regardless of whether this preceding directive is complied with, defense counsel shall serve on plaintiff and file with the court (for reference only), on or before December 20, 2010, a proposed procedural framework and schedule for accomplishing plaintiff's deposition by telephone. Plaintiff shall make every effort to comply with the proposal, or to confer with defense counsel regarding reasonable alternatives.

As a general guideline, plaintiff shall be required to make arrangements to have an individual qualified to take oaths in Illinois (such as a Notary Public) available at the appropriate time and place to administer the oath required by Fed. R. Civ. P. 28(a), and

-11-

defendant shall bear the expenses related to recording the testimony by stenographic or other accepted means at defense counsel's offices in Buffalo. The court will reserve the right to require plaintiff to appear in Buffalo for a follow-up deposition upon a showing by defendant that the telephone deposition was not accomplished in a meaningful manner.

This order shall also serve as further notice to plaintiff that her failure to cooperate with the telephone deposition process contemplated by this order, or to otherwise refrain from conduct, causing further unreasonable delay in the proceedings, will be considered as grounds for immediate dismissal of the action, in its entirety and on the merits, for failure to prosecute.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is denied, without prejudice to renew upon showing that plaintiff has failed to comply with the matters set forth herein, or has otherwise caused further unreasonable delay in the prosecution of the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 11/10 , 2010
p:\pending\2007\07-823.nov2.10