UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY F. CUNNINGHAM,

                         Plaintiff,

          -vs-                                                    07-CV-823-JTC

ST. BONAVENTURE UNIVERSITY
and its Franciscan Institute,

                         Defendants.
_____

          By order entered on November 16, 2010 (Item 65), this court directed the parties to

engage in good-faith efforts to afford plaintiff (a resident of Rockford, Ill., without the means

to travel to the Western District of New York)  the opportunity to have her deposition taken

by telephone.  The court denied defendant St. Bonaventure University's motion pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure to dismiss the complaint for failure

to prosecute, without prejudice to renew the motion upon a showing that the efforts to

accomplish the telephone deposition proved unproductive.  The court also advised plaintiff

that it was her responsibility "to make arrangements to have an individual qualified to take

oaths in Illinois (such as a Notary Public) available at the appropriate time and place to

administer the oath required by Fed. R. Civ. P. 28(a)," *id.*, and "that her failure to cooperate

with the telephone deposition process contemplated by [the] order, or to otherwise refrain

from conduct causing further unreasonable delay in the proceedings, will be considered

as grounds for immediate dismissal of the action, in its entirety and on the merits, for failure

to prosecute."  *Id.* at p. 12; *Cunningham v. St. Bonaventure University and its Franciscan

Institute*, 2010 WL 4628535, at *6-7 (W.D.N.Y. Nov. 16, 2010).

On December 20, 2010, in accordance with the court's order, defense counsel served on plaintiff (and filed with the court for reference) a proposed schedule and procedural framework for taking plaintiff's deposition by telephone, setting forth the following set of instructions:

1.      The Plaintiff . . . will be present in the State of Illinois, County of Winnebago, at or near the City of Rockford, before a Notary Public of the State of Illinois or some other officer authorized under the laws of the State of Illinois to administer oaths.

2.      At the Plaintiff's location will be a telephone equipped with a speaker to allow the Plaintiff to hear the questions propounded via (hands free) speaker phone.

3.      Plaintiff will be located in a room that has or is immediately adjacent to a facsimile machine so the facsimile machine is regularly and immediately available to the Plaintiff to receive and/or send documents.

4.      No later than seven (7) days prior to the deposition, the Plaintiff shall provide, in writing, to the Defendant the following information:
    a.      the location at which she will be present for the deposition including the street address;
    b.      the phone number at which she will be available for the deposition;
    c.      the number for the facsimile machine to which plaintiff will have regular and immediate access during the deposition;
    d.      the identity of the Notary Public or other officer authorized to administer oaths including the individual's name, address and telephone number.

Item 67, pp.1-2.  The deposition was scheduled for January 25, 2011, at 10:00 a.m. EST, at which time defense counsel would be present at her office in Buffalo, along with a stenographer to record the deposition, in a room equipped with a speaker phone and fax machine.  *Id.* at p. 2.

On January 19, 2011, plaintiff sent defense counsel an email in which she advised that she had arranged for the use of a conference room at the federal courthouse in

Rockford for the day of January 25th, with limited access to a fax machine in the Clerk's office nearby at the cost of fifty cents per page sent or received.  *See* Item 71, Ex. C.  She further advised that she had been unable to make arrangements to have a person qualified to take oaths in Illinois available for the deposition.  *Id.*; *see also* Ex. D.

On January 25, 2011, at 10:01 a.m. EST, defense counsel Melinda G. Disare contacted plaintiff by telephone at the number provided for the conference room in the Rockford federal courthouse.  Plaintiff advised counsel that she still had not been able to make arrangements to have a person authorized to administer oaths present for the taking of her deposition testimony, as required by this court's November 16, 2010 order and the Federal Rules of Civil Procedure.   The following conversation was recorded by the stenographer present in defense counsel's office:

> **MS. CUNNINGHAM:**   I asked [the N.D.Ill. Deputy Clerk of Court] if one of the judges would swear me in as a courtesy to Judge Curtin and she said probably not.  She was going to contact their clerks, but she felt that the answer to that was no.
>
> So my question was can Judge Curtin swear me in?  Since we've been on so many telephone conferences, you would know that you are speaking to me.
>
> **MS. DISARE:**   Well, that's sort of not the point.  Under the Federal Rules of Civil Procedure, you're required to have an officer authorized to administer oaths there.
>
> And under Judge Curtin's rule or his order that came out in November, so you've had over two months to arrange this, you were directed to make sure that you had someone who could administer the oath there on your end.
>
> In fact, the Court order reads, "Plaintiff shall be required to make arrangements to have an individual qualified to take oaths in Illinois such as a notary available at the appropriate time and place to administer the oath required by Federal Rule of Civil Procedure 28(a)."
>
> **MS. CUNNINGHAM:**   And I appreciate that, but normally there would have been somebody here.  I can't control how the Northern District allocates their staff.

And as soon as I learned this, I made attempts, numerous attempts, I went online and I called paralegals, notaries, I even called attorneys that I know and no one is willing to swear me in or they don't have the authority to do that.

I don't - - I'm not quite sure what - - if this is a political thing.  I'm confused myself.  I can't imagine that finding someone to swear me in was going to be such an ordeal.

Do you understand what - - what's happening and can explain it to me, because I really don't?

**MS. DISARE:**  No.

**MS.CUNNINGHAM:**  I don't know why no one would swear me in.

**MS. DISARE:**  What I understand - -

**MS. CUNNINGHAM:**   And I don't have an attorney, but you know, that's just the way that it is.

**MS. DISARE:**  What I understand is that in November, Judge Curtin directed you to make - -

**MS. CUNNINGHAM:**  Yes.

**MS. DISARE:**   - - these arrangements - -

**MS. CUNNINGHAM:**   I understand that, Melinda, and you can say that a hundred times, but that doesn't change the fact that the person who normally would have been here to do that has been - - that resource has been allocated to the Chicago office and so now there's no one here to do [it].  In a courthouse where there should be, you know, numerous people to swear me in, there isn't.

Now, I don't understand that.  I don't understand what I'm not asking correctly, what I'm not doing correctly for someone here to assist me with that.  I - - I don't get it.

I understand perfectly what my responsibilities were, but if no one is willing to do it, I don't understand why no one is willing to do it.  Only one person expressed a charge, which I was willing to pay, and they never followed through with did they have the authority and was she a notary.
. . .

**MS. DISARE:**   Well, I can say that if you were here in Buffalo, our court reporter would be able to do so.

I cannot answer the questions for what's going on at your end. I can only tell you what I know your responsibility was and under the circumstances, I am not able to proceed with your deposition because I need testimony under oath and because we're not following Judge Curtin's order nor are we following the procedure that was filed by our office pursuant to Judge Curtin's order, so under the circumstances . . . we are not going to be going further today and we will be in contact with the Court . . . .

Item 71, Ex. E.

On January 31, 2011, defendant renewed its motion to dismiss the action pursuant to Fed. R. Civ. P. 41(b) based on plaintiff's failure to comply with the clear directives of the court's November 16, 2010 order. Plaintiff filed a timely response to the renewed motion, in which she contends she did everything possible to comply with the court's order, including securing a conference room in the Rockford federal courthouse for the scheduled date and time where she anticipated a stenographic reporter or some other person authorized to administer oaths would be available to swear her in but, through no fault of her own, no such person was in fact available. *See* Item 73.

As noted by the court in its November order, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to diligently prosecute the action, notwithstanding either the harshness of the sanction of dismissal or the latitude due to a plaintiff proceeding *pro se*. *Cunningham*, 2010 WL 4628535, at *3 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Considering the factors outlined in the pertinent case law – namely, (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether

lesser sanctions would be appropriate, *id.* at *4 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004)), the court found under the circumstances that, while "plaintiff should be afforded the opportunity to have her deposition taken by telephone before the harsh sanction of dismissal for failure to prosecute is imposed . . . , the difficulties encountered by defendant and the court thus far in attempting to move this case to the next phase of litigation cannot be allowed to continue." *Id.* at *6.  The court therefore set the stage for accomplishing the telephonic deposition by directing defense counsel to devise a procedural framework and directing plaintiff to have an individual qualified to take oaths present for her testimony, as required by the Federal Rules.  The order also gave plaintiff explicit notice that her failure to comply with the directives of the order would be considered as grounds for immediate dismissal of the action for failure to prosecute.  *Id.* at *7.

Upon review of the matters submitted in connection with defendant's renewed motion, the court has no alternative but to find that, despite clear notice of the consequences, plaintiff failed to comply with the requirement that she make arrangements for a person authorized to administer oaths to be available for her telephonic deposition. Her explanation that she expected someone at the Rockford courthouse to be available for that purpose is unavailing.  The court's order and the reasonable schedule and set of procedures devised by counsel gave plaintiff ample time and opportunity to locate and engage an appropriate person familiar with the process for administering oaths and taking deposition testimony in federal court or in the state of Illinois.  As revealed by the record, Clerk's Office personnel in Rockford took exemplary steps to accommodate plaintiff's extraordinary requests for free use of a conference room, speaker phone, fax machine,

and other court facilities.  Plaintiff's expectation that the Northern District of Illinois Clerk's Office might also provide a stenographer, notary, or some other person authorized to administer oaths for the purpose of taking a deposition in a case pending in the Western District of New York is patently unrealistic, and cannot be considered a good faith effort to comply with the directives of this court's  November 16, 2010 order.

In addition, that directive was imposed not merely as a procedural requirement for taking sworn testimony of a party in a federal civil case, *see, e.g.*, Fed. R. Civ. P. 28(a)(1)(A) (deposition must be taken before an officer authorized to administer oaths either by federal law or by the law in the place of examination); 30(b)(5)(A) (deposition must be conducted before an officer designated under Rule 28), but also as a means to achieve a balance between reasonable accommodation of plaintiff's professed financial hardship and prejudice to the defendant's right to conduct discovery in a manner that is not unduly encumbered.  In light of defense counsel's demonstrated cooperation in the telephone deposition process, plaintiff's failure to take full advantage of the opportunity to move her case forward becomes even more pronounced.

For these reasons, and for the reasons discussed in the court's November 16, 2010 order, the court finds that plaintiff has failed to comply with the directives set forth in that prior order for accomplishing her telephone deposition as a means of avoiding further unreasonable delay in the processing of this case.  As contemplated by the order, this conduct constitutes grounds for immediate dismissal of the action, in its entirety and on the merits, for failure to prosecute.

Accordingly, defendant's motion pursuant to Fed. R. Civ. P. 41(b) (Item 71) is granted, and the case is dismissed.  The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 4/6/2011
p:\pending\2007\07-823.mar21.2011